UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR00703 ERW |
| ) | |
| BOBBY LEE GARRETT, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III [doc. #58], pursuant to 28 U.S.C. § 636(b).

Defendant Bobby Lee Garrett filed a series of pretrial motions and Magistrate Judge Mummert addressed each of these motions in his Report and Recommendation. Magistrate Judge Mummert concluded that: Defendant's Motion to Suppress Pretrial Identification and to Prohibit Trial Identification [doc. #32] should be denied; Defendant's Motion for Production and Inspection of Grand Jury Transcripts, Recordings, Minutes and Reports [doc. #28] should be granted in part and denied in part; Defendant's Motion to Dismiss Indictment [doc. #29] should be denied; Defendant's Motion to Suppress Statements [doc. #30] should be denied; Defendant's Motion to Suppress Evidence [doc. #31] should be denied as moot; Defendant's Motion to Reveal Identities of Witnesses, Alleged Unindicted Co-Conspirators, and/or Confidential Informants [doc. #33] should be denied; Defendant's Motion for Bill of Particulars [doc. #34] should be denied; and Defendant's Motion for Government to Disclose Intention to Use 404(b) Evidence [doc. #35] should be denied in part and granted in part. Defendant filed Objections to

the Report and Recommendation [doc. #60], and made some specific objections in addition to his general objection to "each and every finding, order and recommendation made by the [M]agistrate." The Court concludes that the Magistrate Judge's findings were correct, and therefore adopts the Magistrate Judge's findings of facts and conclusions of law.

I.  **LEGAL STANDARD**

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636 (b)(1)).[1] The district court has wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

II. **DISCUSSION**

  A.  **MOTION TO SUPPRESS PRETRIAL IDENTIFICATION AND TO PROHIBIT TRIAL IDENTIFICATION**

Federal Bureau of Investigation Special Agent Anthony Bernairdoni conducted an interview of M.P. on November 18, 2008, regarding an encounter M.P. had with a black male police officer on June 6, 2008. M.P. told Special Agent Bernairdoni that he rented a second floor bedroom in a residence and was on the second floor landing when he encountered the officer.

---

[1]28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court." The statute further provides that each party may file written objections within ten days of being served with a copy of the magistrate judge's report and recommendation. *Id.* § 636(b)(1).

M.P. described the officer as a black male, 5'11" to 6 feet in height, of medium build, and dressed in a police vest with police identification. M.P. also said that the officer told him that he was on police business and that M.P. should return to his bedroom and remain there. Special Agent Bernairdoni created a six photograph spread, using pictures from the Missouri Department of Motor Vehicles, including one of Defendant. The individuals in the six pictures were all of similar race and age and had similar facial features, hair, and facial hair. Special Agent Bernairdoni showed the photograph spread to M.P. and M.P. immediately and without hesitation selected photograph two as being a photograph of the police officer M.P. encountered on June 6, 2008. Defendant has made a motion to suppress this pretrial identification, arguing that it was unduly suggestive. He also requests that the Court prohibit any witness from attempting to identify him at trial.

In determining the admissibility of an identification from a photograph spread, the Court applies a two-part inquiry. "The first step is to determine whether the array was impermissibly suggestive. If found so, the second inquiry is whether under the totality of the circumstances the array created a substantial risk of misidentification at trial." *Schawitsch v. Burt*, 491 F.3d 798, 802 (8th Cir. 2007) (citing *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)). An array is not impermissibly suggestive if "there are no differences in appearance tending to isolate the accused's photograph." *Id.* (citing *United States v. Mays*, 822 F.2d 793, 798 (8th Cir. 1987); *United States v. Wilson*, 787 F.2d 375, 385 (8th Cir. 1986)). In determining whether the array creates a substantial risk of misidentification at trial, the Court is to consider: "1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness's degree of attention; 3) the accuracy of the witness's prior description of the criminal; 4) the level of certainty demonstrated

at the confrontation; and 5) the time between the crime and the confrontation." *Id.* (citing *United States v. Williams*, 340 F.3d 563, 567 (8th Cir. 2003); *Manson*, 432 U.S. at 114)).

Applying the two-part inquiry to the present case, it is clear that the identification of Defendant by M.P. from the photograph spread is admissible evidence. The six photograph spread utilized by Special Agent Bernairdoni in this case did not isolate or emphasize the photograph of Defendant in any way. Rather, the other individuals in the spread were of similar race and age and had similar facial features, hair, and facial hair as Defendant. The photographs were obtained from the Missouri Department of Motor Vehicles, so there were no major differences in background or setting and none of the individuals were dressed in prison or other suspicious clothing. Further, M.P. selected the photo of Defendant independently, without direction or coaching from anyone present. Thus, the array was not impermissibly suggestive. Because the Court finds that the array was not impermissibly suggestive, it is not necessary to analyze whether there is a substantial risk of misidentification at trial.

**B. MOTION FOR PRODUCTION AND INSPECTION OF GRAND JURY TRANSCRIPTS, RECORDINGS, MINUTES, AND REPORTS**

Defendant asserts that additional grounds may exist for a motion to dismiss the indictment as a result of matters occurring before the grand jury, but he needs to obtain additional information in order to ascertain whether there are any viable claims. Specifically, Defendant requests: the production of grand jury transcripts/recordings, minutes, and reports of those sessions during which the grand jury considered filing an indictment against Defendant; all records or papers used during selection and empanelment of the grant jury; the names of all witnesses who testified before the grand jury and the government attorneys who made the presentment;

disclosure of all legal instructions received by the grand jury; and the names of all persons to whom the government has disclosed matters occurring before the grand jury and the purpose for which such disclosures were made, if made other than for the purpose of the enforcement of federal criminal law.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) provides that the Court "may authorize disclosure . . . of a grand-jury matter at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." In order for the Court to allow such disclosure, the Defendant must establish a "particularized need" for the information. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (citing *United States v. Proctor & Gamble*, 356 U.S. 677, 683 (1958)). "A long line of cases in this Circuit note that 'a bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement.'" *Id.* (quoting *United States v. Warren*, 16 F.3d 247, 283 (8th Cir. 1994)).

Defendant has failed to establish that he has a particularized need for the information he seeks. In his Motion, he merely states that "additional grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." He also makes reference to his Motion to Dismiss Indictment, in which he makes several bald assertions, including allegations that the grand jury was not selected at random and that it was selected in such a manner that intentionally excluded minorities and persons of lower income. These bare allegations are not sufficient to meet the particularized need requirement. However, Defendant is not required to demonstrate a particularized need with respect to the records used in the jury selection process. *United States v. Stanko*, 528 F.3d 581, 587 (8th Cir. 2008). Thus, under 28 U.S.C. § 1867(f),

Defendant shall be permitted access to "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process." The scope of the access shall be determined after a telephone hearing on April 28, 2009, at 2:30 p.m., when the Court shall hear arguments concerning the records requested.

### C. MOTION TO DISMISS INDICTMENT

On December 11, 2008, a grand jury returned a ten-count indictment, charging Defendant and Vincent Carr. As set forth by Magistrate Judge Mummert, Count I of the indictment alleges that on August 7, 2007, Defendant willfully stole property of the United States, in the amount of $3,500.00 from an illegal drug sale, by virtue of his position as a St. Louis Police Officer, in violation of 18 U.S.C. §§ 641, 642. Count II alleges that Defendant and Vincent Carr conspired to distribute marijuana on August 22, 2007, in violation of 21 U.S.C. § 841(a)(1). Count III alleges that Defendant and Vincent Carr distributed marijuana on August 22, 2007, in violation of 21 U.S.C. § 841(a)(1). Count IV alleges that on September 18, 2007, Defendant stole or embezzled property of the United States, consisting of $2,500.00 in cash from the proceeds of an illegal drug sale, by virtue of his employment as a St. Louis Metropolitan Police Officer, in violation of 18 U.S.C. §§ 641, 642. Count V alleges that Defendant and Vincent Carr conspired to commit wire fraud from June 1, 2008 to October 7, 2008. This count includes twenty-five separate paragraphs as the background of the conspiracy and twenty-one paragraphs describing overt acts of the conspiracy, all alleged to be in violation of 18 U.S.C. § 1349. Count VI alleges that a wire fraud occurred between June 1, 2008 and October 7, 2008, and re-alleges those paragraphs from Count V. Additionally, Count VI alleges that Defendant and Vincent Carr transmitted booking information for C.C. as part of the scheme to defraud, all in violation of 18

U.S.C. §§ 2, 1343, 1346. Count VII alleges that on September 17, 2008, Defendant and Vincent Carr made false and fraudulent statements. Those statements are specified in subparagraphs A and B of Count VII, all in violation of 18 U.S.C. §§ 1001, 1002. Count VIII alleges a false statement by Defendant and Vincent Carr on September 17, 2008, in failing to advise the FBI Special Agent that Defendant and Vincent Carr detained J.S., who admitted possession of cocaine, a pistol, and United States currency. Count IX is an obstruction of justice charge alleged to have occurred on October 1, 2008, when Defendant and Vincent Carr allegedly failed to produce documents relevant to the execution of a search warrant, in violation of 18 U.S.C. § 1512(c)(1)-(2). Finally, Count X charges Defendant and Vincent Carr with making a false statement on October 7, 2008, relating to statements made in connection with the retention of evidence from a search warrant, citing 18 U.S.C. §§ 2, 1001(a)(2).

In his Motion to Dismiss Indictment, Defendant sets forth various general and broad arguments as to why his Indictment should be dismissed, many of which are unsupported both legally and factually. To consolidate these arguments, the Court will group them into five categories and address the underlying allegations in turn.

Defendant first raises various arguments, challenging the sufficiency of the indictment. In general, an indictment is considered to be sufficient when it: "'first, contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead double jeopardy as a bar to a future prosecution.'" *United States v. Just*, 74 F.3d 902, 903 (8th Cir. 1996) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The Court has reviewed the indictment in its entirety and finds that it is sufficient to apprise Defendant of the charges against him. The indictment succinctly sets forth each of the

essential elements of the offenses charged, and generally tracks the language of the applicable statutes. *See Hamling*, 418 U.S. at 117 ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself . . . ."). Defendant specifically identifies certain items of information that are not included in the indictment which he claims are necessary for a sufficient indictment (i.e., specific time and place of offenses alleged, the identity of the persons identified only by initials, etc.). However, because the Court has found that the indictment meets the sufficiency requirements, it is not necessary for the indictment to include these additional details. *See Long v. United States*, 296 F.2d 148, 150-51 (8th Cir. 1961) (when indictment meets sufficiency requirements, "[m]ore may not be expected or required").[2]

Defendant also asserts that the indictment is based on incompetent or insufficient evidence. However, a pretrial motion to dismiss is not the proper vehicle for challenging the sufficiency of the evidence. "[P]ermitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence . . . would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by

---

[2]The proper vehicle for obtaining these additional details is not through a motion to dismiss the indictment, rather it is through a request for a bill of particulars. *Long*, 296 F.2d at 151. Defendant has made a Motion for a Bill of Particulars, which this Court addresses below.

Additionally, the Court notes that Defendant has argued in both his Motion to Dismiss Indictment and his Objections to the Report and Recommendation of Magistrate Judge Mummert that the indictment fails to allege that Defendant acted in the course and scope of his employment when the acts underlying Counts 5 and 6 were allegedly committed. However, the Court notes that demonstrating that the defendant was acting within the course and scope of his employment is not an element of any of the offenses charged under Counts 5 or 6. Further, the case cited by Defendant, *United States v. Bloom*, 149 F.3d 649, 655 (7th Cir. 1998), does not support his argument. Rather, *Bloom* merely recognized that "[a]n employee deprives his employer of his honest services only if he misuses his position (or the information he obtained in it) for personal gain." *Id.* at 657. Thus, Defendant's course and scope argument must fail.

8

technical rules." *Costello v. United States*, 350 U.S. 359, 364 (1956). Thus, an indictment like the one in this case, which is valid on its face, is immune from a challenge by the defendant based on insufficient or incompetent evidence. *See id.* at 363.

Defendant asserts that his due process rights were violated as a result of the sixteen month pre-indictment delay between the date of the first alleged offense (August 7, 2007) and the date of the indictment (December 11, 2008). "To prove a violation of the Fifth Amendment's due process right against unreasonable pre-indictment delay, [the defendant] 'must establish that: (1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him.'" *United States v. Haskell*, 468 F.3d 1064, 1070 (8th Cir. 2006) (quoting *United States v. Sturdy*, 207 F.3d 448, 451-52 (8th Cir. 2000). Although Defendant has set forth *possible* prejudices he *might* suffer, he has failed to set forth *actual* and *substantial* prejudice, as required under *Haskell* and *Sturdy*. Further, Defendant has not demonstrated that the delay was intentional on the part of the Government, or that it was used to gain an advantage over him. Thus, the Court must reject Defendant's due process and pre-indictment delay claim.

In addition, Defendant challenges the constitutionality of the statutes under which he is charged. Defendant merely asserts that each of the applicable statutes is "so vague, indefinite, overbroad, and uncertain to the extent that they fail to inform this Defendant and others similarly situated of exactly what conduct the legislature intended to prohibit and cr[i]minalize." (Def.'s Mtn. to Dismiss, doc. #29, p.2). However, Defendant fails to offer any legitimate factual or legal support for this general allegation. As a result, the Court will not address these claims. The only statute for which Defendant does provide a legal argument as to why it is unconstitutional is 18

9

U.S.C. § 1001, which has been found to be constitutional by various courts. *See United States v. Johnson*, 284 F. Supp. 273, 278 (W.D. Mo. 1968) (citing *United States v. Gilliland*, 312 U.S. 86 (1941); *United States v. Houcks*, 224 F. Supp. 778 (W.D. Mo. 1963)). In fact, in his Objections to the Report and Recommendation, Defendant recognizes that "the district courts of this Circuit and other Circuit Court opinions would not currently support his position." Defendant goes on to state that he wishes merely to preserve his constitutional challenge. Thus, this Court finds that Defendant's constitutionality arguments must fail.

Finally, Defendant makes various assertions regarding the inadequacy of the grand jury proceedings. These assertions are all unsubstantiated claims, for which no factual support is provided. In addition, some of the allegations involve the evidence presented to the grand jury. As previously indicated, "an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999). Further, the admissibility of the evidence presented to the grand jury is irrelevant, as grand juries are permitted to consider inadmissible evidence. *See, e.g.*, *United States v. Calandra*, 414 U.S. 338, 354 (1974) (presentation of inadmissible evidence to grand jury involves no independent or new violation of the Fourth Amendment); *United States v. Levine*, 700 F.2d 1176, 1179 (8th Cir. 1983) (exclusionary rule does not prohibit illegally seized evidence from being considered by a grand jury). Finally, as correctly noted by Magistrate Judge Mummert, Defendant's allegations regarding the failure to comply with the law in the selection of jurors are required in order to comply with 28 U.S.C. § 1867(a), when seeking grand jury records. Defendant's request for grand jury records is addressed in section B, above. Thus, Defendant's grand jury arguments must fail.

### D. MOTION TO SUPPRESS STATEMENTS

Defendant has filed a Motion to Suppress Statements, even though he recognizes that the Government has indicated that it was not aware of any written or recorded statements made by Defendant. He adds that he recently received a number of tapes and CDs from the Government, which "may suggest otherwise." The Government responded, clarifying that the tapes and CDs provided to Defendant "are undercover consensually recorded tape recordings which contain conversations in which [D]efendant is a participant."

It is well established that it is not unlawful "for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c); *see also United States v. White*, 401 U.S. 745, 749 (1971). "[A] person engaged in a conversation assumes the risk that another party to the conversation might choose to divulge or even record the conversation." *United States v. Corona-Chavez*, 328 F.3d 974, 981 (8th Cir. 2003). In this case, the Government has stated that the CD and tape recordings were made with the consent of one of the participants and there has been no evidence to suggest otherwise. Thus, the tapes and CDs are admissible and Defendant's Motion to Suppress will be denied.

### E. MOTION TO SUPPRESS EVIDENCE

Defendant has filed a Motion to Suppress Evidence, although he recognizes that "neither the Government, nor the St. Louis Metropolitan Police Department, or any other law enforcement agency, seized any evidence related to this case from the Defendant." (Def.'s Mtn. to Suppress

Evidence, doc. #31, p.2). In its response to Defendant's Motion, the Government confirmed that no evidence was seized from Defendant's person, home, or vehicle, "such that there might exist a basis to suppress such evidence." (Govt.'s Response, doc. #40, p.1). Because there is no evidence to suppress, Defendant's Motion to Suppress Evidence will be denied, as moot.

F. **MOTION TO REVEAL IDENTITIES OF WITNESSES, ALLEGED UNINDICTED CO-CONSPIRATORS, AND/OR CONFIDENTIAL INFORMANTS**

Defendant seeks to have the Government reveal the identity of the three individuals identified only by initials in the indictment ("C.C.," "T.C.," and "J.S."). He also seeks to have the Government reveal the identity of any alleged unindicted co-conspirators and any confidential informants used in this case.

The Government has a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The purpose of the privilege is to further the public interest in effective law enforcement by encouraging citizens to disclose information they have regarding the commission of crimes. *Id.* This privilege is not absolute, however. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. "'In order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case.'" *United States v. Kime*, 99 F.3d 870, 879 (8th Cir. 1996) (quoting United *States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991)).

In this case, Defendant has merely made bare assertions that the disclosure of any confidential informants is necessary to the defense of his case. A mere assertion of materiality is not sufficient to overcome the Government's interest in withholding from disclosure the identity of its informants. *Id.* Defendant relies on *Devose v. Norris*, 53 F.3d 201 (8th Cir. 1995) to support his argument. However, that case is easily distinguished from the case at hand because *Devose* involved a confidential informant whose identification of the defendant was "fraught with inconsistencies," and who gave "extremely shaky testimony." *Id.* at 206 (internal quotations omitted). In this case, Defendant has failed to set forth any evidence suggesting the unreliability of the confidential informants at issue. Further, the Government has assured the Court that, while it is unaware of any such information at this time, it will provide the Defendant with any *Giglio* or *Brady* information with respect to the confidential informants and any unindicted co-conspirators. Thus, Defendant's Motion to Reveal Identities will be denied.

### G. MOTION FOR A BILL OF PARTICULARS

Defendant also seeks a bill of particulars, alleging that the indictment is vague, indefinite and uncertain. He argues that a bill of particulars is necessary in order for him to have sufficient and adequate notice of the allegations against him.

"[T]he primary purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993). The purpose is not discovery or the provision of a "detailed disclosure of the government's evidence at trial." *Id.* A bill of particulars is not required when the indictment is sufficient to apprise the defendant of the charges against him. *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982). In general, an indictment is

13

considered to be sufficient when it: "'first, contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead double jeopardy as a bar to a future prosecution.'" *United States v. Just*, 74 F.3d 902, 903 (8th Cir. 1996) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

The Court has reviewed the indictment in its entirety and finds that it is sufficient to apprise Defendant of the charges against him. The indictment succinctly sets forth each of the essential elements of the offenses charged, and generally tracks the language of the applicable statutes. *See Hamling*, 418 U.S. at 117 ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself . . . ."). Further, the specific information that the Defendant asserts is lacking is either included in the indictment, has been provided by the Government, or is not necessary to meet the sufficiency requirements. The Court disagrees with Defendant's argument that a bill of particulars is necessary to narrow the issues and to streamline the trial of this case. Thus, Defendant's Motion for a Bill of Particulars will be denied.

### H. MOTION FOR GOVERNMENT TO DISCLOSE INTENTION TO USE RULE 404(b) EVIDENCE

Defendant seeks to have the Government disclose any Rule 404(b) evidence that it intends to introduce at trial, together with the basis for the admissibility of such evidence. The Government responded by noting that it has informed Defendant that it "may introduce at trial evidence of 'prior incidents where [D]efendant and [Vincent Carr] took United States currency and illegal drugs from individuals without reporting same to the St. Louis Metropolitan Police Department." The Government also recognized its obligation to timely provide Defendant with "additional specifics about these 404(b) incidents." (Govt.'s Response, doc. #45. pp.1-2).

14

Magistrate Judge Mummert recommended that the Government be required to provide notice to Defendant, within ten days of trial, if it intends to offer 404(b) evidence and, if so, the general nature of such evidence.  Defendant now asserts that ten days is not sufficient time to review the evidence and file appropriate motions in limine.  The Court finds that the ten days notice recommended by Magistrate Judge Mummert is an adequate amount of time for Defendant to review any 404(b) evidence the Government intends to offer.

### III. CONCLUSION

The Court agrees with Magistrate Judge Mummert's findings that Defendant's Motion to Suppress Pretrial Identification and to Prohibit Trial Identification [doc. #32] should be denied; Defendant's Motion for Production and Inspection of Grand Jury Transcripts, Recordings, Minutes and Reports [doc. #28] should be granted in part and denied in part; Defendant's Motion to Dismiss Indictment [doc. #29] should be denied; Defendant's Motion to Suppress Statements [doc. #30] should be denied; Defendant's Motion to Suppress Evidence [doc. #31] should be denied as moot; Defendant's Motion to Reveal Identities of Witnesses, Alleged Unindicted Co-Conspirators, and/or Confidential Informants [doc. #33] should be denied; Defendant's Motion for Bill of Particulars [doc. #34] should be denied; and Defendant's Motion for Government to Disclose Intention to Use 404(b) Evidence [doc. #35] should be denied in part and granted in part.  Therefore, the court adopts Magistrate Judge Mummert's findings of fact and conclusions of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Pretrial Identification and to Prohibit Trial Identification [doc. #32] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Production and Inspection of Grand Jury Transcripts, Recordings, Minutes, and Reports [doc. #28] is **GRANTED, in part**, and **DENIED, in part**. Defendant shall be permitted access to "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process," as provided by 28 U.S.C. § 1867(f). A telephone hearing will be held on **April 28, 2009**, at **2:30 p.m.** to determine the scope of access permitted. Defendant's Motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment [doc. #29] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements [doc. #30] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence [doc. #31] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Reveal Identities of Witnesses, Alleged Unindicted Co-Conspirator(s), and/or Confidential Informant(s) [doc. #33] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a Bill of Particulars [doc. #34] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Government to Disclose Intention to Use 404(b) Evidence [doc. #35] is **DENIED, in part**, and **GRANTED, in part**. The Government shall be required to provide notice to Defendant, within ten days of trial, if it intends to offer 404(b) evidence and, if so, the general nature of such evidence. Defendant's Motion is **DENIED** in all other respects.

Dated this 22nd Day of April, 2009.

							_____
							E. RICHARD WEBBER
							UNITED STATES DISTRICT JUDGE